IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cv-201-RJC
3:05-cr-74-RJC-1

| | | |
|---|---|---|
| MARION COX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Reopen his Section 2255 proceeding.

## I. BACKGROUND

On August 2, 2011, the Court dismissed Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. (3:08-cv-201, Doc. No. 21). Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit and his appeal was dismissed after the Court found that he had failed to demonstrate he was entitled to a certificate of appealability. Cox v. United States, No. 11-7144 (4th Cir. filed Feb. 14, 2012). (Doc. No. 25). On June 26, 2012, Petitioner returned to this Court by filing the present motion to reopen his Section 2255 case. (Doc. No. 27). Petitioner contends that intervening precedent from the Supreme Court and the Fourth Circuit entitle him to relief in his § 2255 proceeding.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any

1

relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.     DISCUSSION

Petitioner has filed an unsuccessful effort under Section 2255 attacking his criminal judgment and his ability to proceed through a second, or successive such motion is specifically limited by statute. While Petitioner labels his present effort as a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure, the Court finds that it is, in fact, a second, successive petition under Section 2255.

Petitioner contends that intervening changes in substantive law entitle him to relief from his criminal judgment. In particular, Petitioner contends that the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) entitle him to be relief because of the way his prior convictions would arguably be treated under present law. The Court observes that the relief Petitioner is seeking in his Rule 60(b) motion is identical to the relief he could receive by way of a successful Section 2255 motion, and the Court will therefore treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (finding that a Rule 60(b) motion arguing for relief based on a substantive change in the law is in effect a second or successive habeas proceeding and should be examined as a Section 2255 motion); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application . . .").

2

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255 et seq., provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a). The AEDPA provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, therefore this Court is without jurisdiction to consider the merits of this successive Section 2255 motion and it will be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion Pursuant to Rule 60(b)(6) will be **DISMISSED** without prejudice as a successive Section 2255 motion. (Doc. No. 27).

Signed: December 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge